IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

STABILIS FUND II, LLC,

    Plaintiff,

v.                                 Civil Case No. 3:13-cv-799-JAG

HOPKINS LAND COMPANY LLC, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on the plaintiff's largely identical *Motions for Summary Judgment*, filed separately on April 18, 2014, in each of the two cases making up this consolidated matter. (Dk. Nos. 9, 14.)

As previously noted in this Court's Order consolidating the two related actions – *Stabilis Fund II, LLC v. Hopkins Land Co., LLC, et al.* (No. 3:13-cv-799-JAG) and *Stabilis Fund II, LLC v. Jackson Pointe, LLC, et al.* (No. 3:13-cv-800-JAG) – these actions share a common nucleus of fact, assert the same claims, and employ the same counsel. The plaintiff's motions differ only in the amount of the deficiency balance alleged on each loan.

The defense positions in each action are identical; they do not deny, in either instance, that they defaulted on the underlying loans and guaranties at issue. Having conceded liability, the defendants oppose the motions for summary judgment only on the issue of liquidated damages, arguing that the plaintiff's assertion of the *outstanding balance* on each loan does not meet the standard of proof required by Federal Rule of Civil Procedure 56.

The Court will GRANT the motions in part, and DENY the motions in part.

The Court will GRANT the plaintiff's motion for summary judgment, in both actions, on the matter of *liability*. Because a material dispute of fact exists on the issue of liquidated damages, the Court will DENY the motions for summary judgment on the matter of *damages*.

## I. Material Facts

### *A. Defendants Hopkins Land Company, LLC & Robert E. Owens*

In March 2009, the plaintiff's predecessor in interest made a $5,625,000 loan to Hopkins Land Company, LLC. Defendant Robert E. Owens subsequently executed a Guaranty backing that loan. The loan was further secured by a deed of trust in real property, the "Dutch Village Apartments" in Richmond, Virginia.

In March 2012, the plaintiff acquired the loan interest. The defendants subsequently defaulted on their loan obligations. The plaintiff appointed substitute trustees, and on September 18, 2012, those trustees executed a foreclosure sale of the Dutch Village Apartments. The foreclosure sale's net proceeds amounted to $3,157,928.35. Applying that amount against the declared outstanding balance of the loan left a deficiency balance of $3,233,646.73.

### *B. Defendants Jackson Pointe, LLC, East End Properties, LLC, and Robert E. Owens*

In January 2006, the plaintiff's predecessor in interest made a $5,000,000 loan to the defendants Jackson Pointe, LLC and East End Properties, LLC. Defendant Robert Owens subsequently executed a guaranty backing that loan, which the defendants further backed with a deed of trust in 813 – 815 Wales Drive, a plot of real property located in Henrico County, Virginia. The defendants later entered into a loan modification agreement with the plaintiff's predecessor in interest in December of 2007, whereby the loan amount was increased to $7,875,390. Robert E. Owens again executed a guaranty on this revised amount, and the defendants backed the new loan amount with a deed of trust encumbering both the Wales Drive

2

property in Henrico County and, additionally, 1005 – 1007 Nine Mile Road, a parcel of real property located in Henrico County, Virginia.

The plaintiff acquired its interest in this loan in May 2010. Again, the defendants subsequently defaulted. The plaintiff appointed substitute trustees, who executed a foreclosure sale on the two properties described above on September 18, 2012. The net proceeds of that foreclosure sale amounted to $3,478,183.40. Applied against the declared outstanding balance of the loan, the defendants remained liable for a deficiency balance in the amount of $3,416,795.21.

## II. Standard of Review

Summary judgment is appropriate when the movant establishes that there is no genuine dispute of any material fact and is thereby entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). After an adequate period of time for discovery, Rule 56(a) mandates a grant of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Fed. R. Civ. P. 56(a). The court resolves all genuine factual disputes and inferences in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (*per curiam*).

Once the movant satisfies its showing for summary judgment, the burden shifts to the non-moving party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–88 (1986). The non-movant may not rest on claims within its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* at 587 (emphasis omitted) (internal quotation marks omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.").

## III. Discussion

### *A. Liability*

The defendants stipulate that they are liable for the defaulted loans, and so do not oppose the plaintiff's motions for summary judgment on the discrete issue of liability. Despite the lack of opposition on this front, the Court may not grant the plaintiff's motions without first assuring itself "that the uncontroverted facts entitle the party to 'a judgment as a matter of law.' " *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

The parties have stipulated to, and the plaintiff has provided evidence of, the existence and scope of the loans, guaranties, and deeds of trust at issue; the plaintiff's interest in those loans, guaranties, and deeds of trust; and of the defendants' default. Because the evidence of the defendants' liability is sufficient and undisputed, the Court GRANTS the plaintiff's motion for summary judgment on the issue of *liability* for the defaulted loans and guaranties.

### *B. Liquidated Damages*

The defendants make their stand on a single issue: the plaintiff's calculations of the outstanding loan balances. Because the plaintiff's evidence is not sufficient to refute the defendants' allegation of a material dispute of fact, the Court must deny the motions for summary judgment on the issue of *damages*.

To establish a material dispute of fact sufficient to defeat a motion of summary judgment, the defendants must demonstrate "that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The defendants satisfy their burden of establishing the presence of a material, disputed fact by listing an array of factors that may – or may not – have influenced the

amount of the outstanding balance: late fees, the particular interest rate applied, et al.[1] The plaintiff's evidence, by contrast, consists of a single, conclusory declaration,[2] unsupported by evidence demonstrating *how* that outstanding balance was calculated, or its component parts.

In addition to falling short on Rule 56(c)(1)'s procedures ("Supporting Factual Positions"), Tuso's declaration fails to meet Rule 56(c)(4)'s mandate that a declaration "must be made on personal knowledge," and "set out facts that would be admissible in evidence" in his declaration. Fed. R. Civ. P. 56(c)(4). Tuso's status as "General Counsel and Managing Director" does not necessarily imply that he would have first-hand knowledge of the exact balance of two outstanding loans, and even less that he would be intimately familiar with the calculation of each balance.

The defendants have established that a material dispute of fact exists as to the correct amount of the claimed damages; the Court DENIES the motion as to that issue.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS the plaintiff's motion for summary judgment as to the defendants' liability, but DENIES the motion as to the issue of damages. The Court GRANTS the plaintiff the opportunity to file supplemental briefing on the latter issue, to be filed with the Court no later than two weeks following the date of this Order.

The Court will enter an appropriate Order.

Date: May 22 2014
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[1] The Court notes that the alleged outstanding *balance* of the "Hopkins Loan," at $6,894,978.61, exceeds the *loan amount* by more than $1.25 million – a difference deserving of some explanation.

[2] The Declaration of Joseph Tuso, Stabilis's "General Counsel and Managing Director." Tuso states that "[a]s of March 14, 2013, the outstanding balance of the loan was $6,894,978.61," but does not provide a breakdown of that figure, or any other corroborating evidence.

5